**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HAROLD VELEZ,**

     **Plaintiff,**

**v.**                             **Case No:**

**FLAGSHIP CREDIT**
**ACCEPTANCE, LLC,**

                                **DEMAND FOR JURY TRIAL**

     **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

     **COMES NOW**, Plaintiff, **HAROLD VELEZ** ("Mr. Velez" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **FLAGSHIP CREDIT ACCEPTANCE, LLC** ("Defendant"), and in support thereof states as follows:

### *Introduction*

     1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by (a.) using an automatic telephone dialing system, automated voice, or prerecorded message to call Mr. Velez's Cellular Telephone, (b.) calling Mr. Velez's place of employment without Mr. Velez's written permission, (c.) calling third parties

and disclosing information affecting Mr. Velez's reputation when Defendant had reason to know that such third parties did not have a legitimate business need for the information, and (d.) going in person to Mr. Velez's family member's home in attempt to collect such alleged debt, even after Mr. Velez demanded that Defendant cease communications with Mr. Velez and his family, which can all be reasonably expected to harass Mr. Velez and his family.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Mr. Velez, was and is a natural person and, at all times material hereto, is an adult, a resident of Orange County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Mr. Velez is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 561-***-8184 ("Mr. Velez's Cellular Telephone").

6.      At all times material hereto, Defendant was and is a foreign limited liability company with its principle place of business in the State of Pennsylvania and its

registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

7.      Mr. Velez co-signed on a car loan which opened a unique account in Mr. Velez and the primary account holder's name ("Account").

8.      The primary account holder encountered financial difficulties and fell behind on his payments toward the Account, incurring an alleged outstanding balance owed thereunder ("Debt").

9.      In or around October of 2018, Defendant began placing calls to Mr. Velez's Cellular Telephone in attempts to collect the Debt.

10.     Mr. Velez answered at least three (3) of Defendant's calls to his Cellular Telephone and each time demanded that Defendant stop calling his Cellular Telephone.

11.     For example, on or around October 11, 2018, Mr. Velez spoke with Defendant and demanded that Defendant stop calling his Cellular Telephone.

12.     Despite Mr. Velez's demands that Defendant's calls to his Cellular Telephone stop, Defendant continued to place calls to Mr. Velez's Cellular Telephone in attempts to collect the Debt.

13.     Defendant has called Mr. Velez's Cellular Telephone at least twenty (20) times during the time period from October of 2018 to the present date.

14.     Defendant's calls to Mr. Velez's Cellular Telephone disrupted Mr. Velez's work.

15.     Defendant called Mr. Velez's Cellular Telephone from several different telephone numbers, including, but not limited to: 800-327-8543, 215-586-6056, 800-900-5150, and 682-459-0851.

16.     In addition to Defendant calling Mr. Velez's Cellular Telephone, Defendant also called Mr. Velez's place of employment telephone numbers, 407-***-8161 and 407-***-1414 ("Employer") in attempts to collect the Debt.

17.     At no time did Mr. Velez give Defendant his Employer's telephone number or give written permission for Defendant to contact his Employer.

18.     Defendant has called Mr. Velez's Employer at least once during the time period from October of 2018 to the present date.

19.     For example, on November 26, 2018, Defendant placed a call to Mr. Velez's Employer and left a voicemail with Mr. Velez's Employer regarding the Debt, which Mr. Velez's Employer forwarded to Mr. Velez's attention.

20.     Defendant also called third parties in connection with the collection of the Debt.

21.     For example, on or around January 25, 2019, Defendant placed a call to Mr. Velez's sister in attempts to collect the Debt.

22.     On or around January 25, 2019, Defendant even went to the extent of going in person to Mr. Velez's family member's house in attempts to collect the Debt.

23.     During Defendant's in-person visit to Mr. Velez's family member's house, Defendant took pictures of Mr. Velez's family members and of the car that secures the loan on the Account.

24.     All of Defendant's calls to Mr. Velez's Cellular Telephone were placed in an attempt to collect the Debt.

25.     All of Defendant's calls to Mr. Velez's Employer were placed in an attempt to collect the Debt.

26.     All of Defendant's calls to third parties, including Mr. Velez's sister, were placed in an attempt to collect the Debt.

27.     Defendant's in-person visit to Mr. Velez's family member's house was completed in an attempt to collect the Debt.

28.     Defendant has willfully harassed Mr. Velez due to the timing and frequency of Defendant's illegal collection activity.

### *Count 1: Violation of the Telephone Consumer Protection Act*

29.     Mr. Velez re-alleges paragraphs 1-28 and incorporates the same herein by reference.

30.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

31.     Mr. Velez revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or

prerecorded message on or around October 11, 2018 when he expressly demanded that Defendant stop calling his Cellular Telephone.

32.     Mr. Velez also revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message on or around November 26, 2018 when he expressly demanded that Defendant stop calling his Cellular Telephone.

33.     Despite these multiple revocations of consent, Defendant thereafter called Mr. Velez's Cellular Telephone at least twenty (20) times.

34.     Defendant did not place any emergency calls to Mr. Velez's Cellular Telephone.

35.     Defendant willfully and knowingly placed non-emergency calls to Mr. Velez's Cellular Telephone.

36.     Mr. Velez knew that Defendant called Mr. Velez's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

37.     Mr. Velez knew that Defendant called Mr. Velez's Cellular Telephone using a prerecorded voice because Defendant left Mr. Velez at least one voicemail using a prerecorded voice.

38.     Defendant used an ATDS when it placed at least one call to Mr. Velez's Cellular Telephone.

39.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Velez's Cellular Telephone.

40.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Velez's Cellular Telephone.

41.     Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Velez's Cellular Telephone.

42.     At least one call that Defendant placed to Mr. Velez's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

43.     At least one call that Defendant placed to Mr. Velez's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

44.     At least one call that Defendant placed to Mr. Velez's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

45.     At least one call that Defendant placed to Mr. Velez's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

46.     At least one call that Defendant placed to Mr. Velez's Cellular Telephone was made using a prerecorded voice.

47.     Defendant has recorded at least one conversation with Mr. Velez.

48.     Defendant has recorded more than one conversation with Mr. Velez.

49.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Velez, for its financial gain.

50.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Velez's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

51.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Velez, despite individuals like Mr. Velez revoking any consent that Defendant believes it may have to place such calls.

52.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Velez's Cellular Telephone.

53.     Defendant's phone calls harmed Mr. Velez by trespassing upon and interfering with Mr. Velez's rights and interests in his Cellular Telephone line.

54.     Defendant's phone calls harmed Mr. Velez by causing him anxiety.

55.     Defendant's phone calls harmed Mr. Velez by causing him stress.

56.     Defendant's phone calls harmed Mr. Velez by being an annoyance.

57.     Defendant's phone calls harmed Mr. Velez by causing him emotional distress.

58.     Defendant's phone calls harmed Mr. Velez by affecting his reputation in his workplace.

59.     Defendant's phone calls harmed Mr. Velez by causing him embarrassment.

60.     Defendant's phone calls harmed Mr. Velez by wasting his time.

61.     Defendant's phone calls harmed Mr. Velez by being a nuisance and causing him aggravation.

62.     Defendant's phone calls harmed Mr. Velez by causing a risk of personal injury to Mr. Velez due to interruption and distraction.

63.     Defendant's phone calls harmed Mr. Velez by invading his privacy.

64.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

65.     Mr. Velez re-alleges paragraphs 1-28 and incorporates the same herein by reference.

66.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

a.   Defendant violated Fla. Stat. § 559.72(4) by calling Mr. Velez's Employer in connection with the collection of the Debt without Mr. Velez's written permission and prior to obtaining any final judgment against Mr. Velez.

b.   Defendant violated Fla. Stat. § 559.72(5) by disclosing to a person other than Mr. Velez information affecting Mr. Velez's reputation, with knowledge or reason to know that the other person does not have a legitimate business need for the information.

c.   Defendant violated Fla. Stat. § 559.72(7) by willfully causing Mr. Velez's Cellular Telephone to ring repeatedly and with such frequency as can reasonably be expected to harass Mr. Velez and by continuing to place calls to Mr. Velez's Cellular Telephone despite Mr. Velez's demands that Defendant cease its calls to his Cellular Telephone and Employer, which can reasonably be expected to harass him.

    d.   Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Velez's sister by calling her cellular telephone with such frequency as can reasonably be expected to harass Mr. Velez's sister.

    e.   Defendant violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Velez and members of Mr. Velez's family by going to Mr. Velez's parent's home in connection with the collection of a Debt.

67.    As a result of the above violations of the FCCPA, Mr. Velez has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

68.    Defendant's phone calls harmed Mr. Velez by trespassing upon and interfering with Mr. Velez's rights and interests in his Cellular Telephone line.

69.    Defendant's phone calls harmed Mr. Velez by causing him anxiety.

70.    Defendant's phone calls harmed Mr. Velez by causing him stress.

71.    Defendant's phone calls harmed Mr. Velez by being an annoyance.

72.    Defendant's phone calls harmed Mr. Velez by causing him emotional distress.

73.    Defendant's phone calls harmed Mr. Velez by affecting his reputation in his workplace.

74.     Defendant's phone calls harmed Mr. Velez by causing him embarrassment.

75.     Defendant's phone calls harmed Mr. Velez by wasting his time.

76.     Defendant's phone calls harmed Mr. Velez by being a nuisance and causing him aggravation.

77.     Defendant's phone calls harmed Mr. Velez by causing a risk of personal injury to Mr. Velez due to interruption and distraction.

78.     Defendant's phone calls harmed Mr. Velez by invading his privacy.

79.     It has been necessary for Mr. Velez to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

80.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Harold Velez, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 28, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff